BENJAMIN B. WAGNER
United States Attorney
KIRK E. SHERRIFF
HENRY Z. CARBAJAL III
Assistant U.S. Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for the
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:11-cr-00026 LJO |
| Plaintiff, | **GOVERNMENT'S MOTION FOR AN ORDER FINDING A PARTIAL WAIVER OF THE ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES, AND FOR AN EXTENSION OF TIME; [PROPOSED] ORDER** |
| v. | |
| JAYSON PETER COSTA, | |
| Defendant. | |

The United States of America, by and through its attorneys, Assistant United States Attorneys Kirk E. Sherriff and Henry Z. Carbajal III, hereby provides notice of and moves for an Order finding a partial waiver of the attorney-client and work product privileges, and permitting discovery as to defendant Jayson Costa's communications with his prior counsel, John Garland, and as to Mr. Garland's work product in his representation of Mr. Costa in this case.  Defendant Costa has waived such privileges based on his petition filed March 30, 2015 pursuant to 28 U.S.C. § 2255, consisting of 156 pages including attachments, which asserts as

Motion re Privilege Waiver; Order         1

ground one a claim of allegedly ineffective assistance by his prior counsel. Doc. 558, pp.4, 14-18. "It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc). The waiver applies equally to the work product privilege. *Id.* at 722 n.6.

There is good cause for such discovery to enable the government to respond fully to this Court's April 13, 2015 Order. On April 13, 2015, the Court ordered the United States to file an opposition by May 28, 2015. Government counsel have spoken with defendant's prior counsel, John Garland, concerning defendant Costa's § 2255 motion. Mr. Garland has indicated that he disagrees with defendant's allegations against him, but requires that the government obtain a court order finding a privilege waiver before discussing with the government his privileged communications and work product relevant to the response to defendant Costa's § 2255 motion, and before providing such communications and work product to the government. Accordingly, the government is filing the present motion. The government also requests a 30-day extension of time, to June 29, 2015, to file its response to Costa's § 2255 motion, as the government will need additional time to review the materials from defense counsel once they are provided.

I.   **PROCEDURAL HISTORY**

On January 13, 2011, Costa was indicted on felony counts of conspiracy to commit mail fraud, wire fraud and bank fraud; mail fraud; bank fraud; and conspiracy to launder money. Doc. 1. Costa

pleaded guilty on November 12, 2013 to count one of the indictment, conspiracy to commit mail fraud, wire fraud and bank fraud, in violation of 18 U.S.C. § 1349.  Docs. 244, 234.  On March 24, 2014, the Court sentenced Costa to 78 months in prison.  Docs. 394, 406.  This sentence was at the low end of the applicable sentencing guideline range.

**II.  MOTION FOR AN ORDER FINDING A PARTIAL WAIVER OF THE ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES**

**A.   Costa's Claims of Ineffective Counsel**

Costa's § 2255 motion asserts as ground one "ineffective counsel: failure to investigate."  Doc. 558, p.4.  Costa claims that Mr. Garland allegedly "was ineffective in failing to conduct a reasonable investigation of the facts relevant to the Petitioner's Plea Agreement, Pre-Sentencing, Sentencing and Restitution."  Doc. 558, p.14.  Costa's § 2255 motion then identifies over several pages the alleged ineffective conduct by attorney Garland.  Doc. 558, pp.14-18.

There is good cause for discovery of attorney-client communications and work product concerning counsel's representation of Costa in this case with respect to the matters raised in Costa's § 2255 motion, including in connection with Costa's plea agreement, guilty plea, and sentencing.  Costa's allegations directly concern both attorney-client communications and his counsel's work product.  To determine whether former counsel provided effective assistance to a defendant, the Court considers whether the assistance was objectively reasonable under the circumstances.  *Strickland v. Washington*, 466 U.S. 668, 688 (1984).  "Judicial scrutiny of counsel's performance must be highly deferential."  *Id.* at 689.

1  Counsel's strategic decisions made after thorough investigation of
2  the law and facts are virtually unchallengeable.  *Id.* at 690.
3      The government believes that if a waiver of the attorney-client
4  and work product privilege is found, and discovery including a
5  declaration and corroborating documentation from defense counsel is
6  provided to the government, such evidence would rebut defendant's
7  allegations.  The government requires access to such attorney-client
8  communications and work product, including a declaration from defense
9  counsel, to respond fully to the Court's April 13, 2015 Order and to
10 defend against Costa's ineffective assistance of counsel claim.
11 Accordingly, there is good cause for such discovery in this case.

   **B.   Costa's Waiver of the Attorney-Client and Work Product Privileges**

14     By his allegations, Costa has waived the privilege as to
15 attorney-client communications and his counsel's work product for
16 purposes of the present habeas proceeding.  The privilege is
17 implicitly waived "by asserting claims the opposing party cannot
18 adequately dispute unless it has access to the privileged materials."
19 *Bittaker v. Woodford*, 331 F.3d 715, 719 & 722 n.6 (9th Cir. 2003) (en
20 banc) (habeas petitioner waives attorney-client and work product
21 privileges by asserting ineffective assistance of counsel).  The
22 defendant can preserve the confidentiality of such privileged
23 communications only by abandoning the claims that give rise to the
24 waiver condition.  *Id.* at 721.  "[T]he federal courts have determined
25 that claims of ineffective assistance of counsel cannot be fairly
26 litigated unless the petitioner waives his privilege for purposes of
27 resolving the dispute."  *Id.* 722.

Motion re Privilege Waiver; Order     4

The privilege waiver in these circumstances is partial, in that the information obtained through the waiver is to be used for purposes of adjudicating the petitioner's habeas petition, but not in a retrial or in an unrelated case. *Id.* at 720-25; *Lambright v. Ryan*, 698 F.3d 808, 818 (9th Cir. 2012). Accordingly, the government seeks a partial privilege waiver that would permit information obtained through the waiver to be used in response to Cole's § 2255 motion, but not as evidence in its case-in-chief in any retrial or different case. The United States cannot adequately litigate the defendant's claims unless former defense counsel divulges his oral and written communications with the defendant, and his work product, and provides evidence concerning his performance in this case.

### III. CONCLUSION

The defendant has put the nature of his attorney-client relationship with prior counsel at issue by challenging his performance. *Bittaker*, 331 F.3d at 716. The defendant's claims of ineffective assistance by his former counsel place his past oral and written communications with former counsel, and his counsel's work product in this case, directly at issue. The defendant has therefore waived the attorney-client and work product privileges for purposes of litigating his § 2255 motion. *Id.* at 716, 722 n.6.

The United States respectfully requests that the Court find that, if defendant Costa does not timely withdraw his allegations concerning ineffective assistance of counsel, defendant has waived the attorney-client privilege as to all communications with his former counsel and any privilege as to his counsel's work product, with respect to the allegations in his § 2255 motion. The government further requests that the Court order that all such materials

concerning events and facts relating to Costa's claims of ineffective assistance of counsel be disclosed to the government for purposes of responding to the § 2255 motion, and that defense counsel (and his staff and agents if they have personal knowledge of such matters) be directed to provide to the government a declaration responding to Costa's § 2255 motion.

The government also requests a 30-day extension of time, to June 29, 2015, to file its response to Costa's § 2255 motion, as the government will need additional time to review the materials from defense counsel once they are provided.

Dated:  April 24, 2015

                                      Respectfully submitted,

                                      BENJAMIN B. WAGNER
                                      United States Attorney

                                      /s/ Kirk E. Sherriff
                                      KIRK E. SHERRIFF
                                      HENRY Z. CARBAJAL III
                                      Assistant U.S. Attorneys

**ORDER**

Good cause appearing, IN THE ALTERNATIVE, the United States' motion for partial waiver of petitioner Jayson Costa's attorney-client privilege and the work product privilege, and for the compelled discovery of responsive attorney-client communications and work product is GRANTED as follows:

    (1)   The attorney-client privilege of defendant/petitioner Jayson Costa is waived with respect to all communications between defendant Jayson Costa and his former attorney,

Motion re Privilege Waiver; Order      6

      John Garland, and his staff and agents, concerning events and facts related to defendant's claims of ineffective assistance of counsel in defendant's § 2255 motion in *United States v. Jayson Costa*, No. 1:11-cr-0026 LJO (E.D. Cal.).

(2) The work product privilege is waived with respect to the work product of John Garland, and his staff and agents, concerning events and facts related to defendant's claims of ineffective assistance of counsel in his § 2255 motion.

(3) Attorney John Garland, and his staff and agents, shall disclose to the government all communications between themselves and defendant Jayson Costa concerning events and facts related to defendant's claims of ineffective assistance of counsel in his § 2255 motion.

(4) Attorney John Garland, and his staff and agents if they have personal knowledge of such matters, shall provide the government with a declaration addressing the communications with defendant and work product concerning events and facts related to the ineffective assistance of counsel claims presented in defendant's § 2255 motion, and shall communicate and coordinate with government counsel to ensure that all issues are adequately addressed in the declaration.

ALTERNATIVELY, the Court Orders that if the finding of waiver changes the Defendant's decision on whether or not to proceed with the petition, he must notify this Court within ten (10) court days of the date of this order by withdrawing his allegations concerning ineffective assistance of counsel in the

Petition. Failure to do that confirms the alternative portion of this Order finding waiver.

The government's motion for an extension of time, to June 29, 2015, to file its response to defendant Costa's § 2255 motion is GRANTED.

**IT IS SO ORDERED**
**Dated: April 27, 2015**

                                          **/s/ Lawrence J. O'Neill**
                                        **United States District Judge**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Eastern District of California and is a person of such age and discretion to be competent to serve papers; that on April 24, 2015, she served a copy of the following documents:

1. **GOVERNMENT'S MOTION FOR AN ORDER FINDING A PARTIAL WAIVER OF THE ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES, AND FOR AN EXTENSION OF TIME; [PROPOSED] ORDER**

by placing said copies in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and its contents in the United States Mail at Fresno, California.

Addressee:

U.S. Mail
Jayson Peter Costa
65615-097
FCI BIG SPRING
FEDERAL CORRECTIONAL INSTITUTION
1900 Simler Ave.
Big Spring, TX 79720

Dated: April 24, 2015

/s/ Donna McCloskey
Donna McCloskey
United States Attorney's Office

Motion re Privilege Waiver; Order          9