UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:11-CR-00026-LJO |
| Plaintiff-Respondent, | Order on Motion to Reopen Time for Appeal |
| v. | |
| JAYSON PETER COSTA, | |
| Defendant-Petitioner. | |

On October 7, 2015, this Court denied Appellant Jayson Peter Costa's ("Appellant's") motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Doc. 597. On December 21, 2015, Appellant's appeal was filed in this Court. Notice of Appeal ("NOA"), Doc. 604. Appellant asserts that when he filed his § 2255 motion, he was an inmate in federal custody and "about to be moved by the government . . . but he did not know where or when." *Id.* He claims that he was moved "before the court ruled on the petition or before the government filed any response to his petition." *Id.* Critically, he stated that ". . . he received notice of the entry by the court of its ruling at his new institution . . . ," but did not state when this occurred. *Id.* The Ninth Circuit subsequently remanded the case for the limited purpose of determining

1

whether Appellant's NOA "may properly be construed as a timely Fed. R. App. P. 4(a)(6) motion to reopen time for appeal and, if so, to rule on that motion." Doc. 610. The Court requested supplemental briefing to help resolve this issue. Doc. 614.

In response to this request, Appellant filed a declaration stating that he did not receive the notice of judgment denying his § 2255 motion until "more than a day or two prior to November 19, 2015." Decl. in Resp. to Req. for Supplemental Briefing, Doc. 617. He also describes that he obtained the judgment from a third party, who obtained the record from the Court's electronic filing system on November 17, 2015. *Id.* The government filed a response on April 11, 1016. Gov't's Resp. Re: Req. for Supplemental Briefing ("Response"), Doc. 618.

Because Appellant appears pro se, the Court will construe his notice of appeal as a motion to reopen. *United States v. Withers*, 638 F.3d 1055, 1061 (9th Cir. 2011) ("[W]e must construe a pro se appellant's notice of appeal as a motion to reopen the time for filing an appeal when he alleges that he did not receive timely notice of the entry of the order or judgment from which he seeks to appeal.").

Under Rule 4(a)(6), the district court may extend the time to file a notice of appeal upon a demonstration that the appellant did not receive notice under Fed. R. Civ.P. 77(d) of the judgment within 21 days of its entry and that no party would be prejudiced. Fed. R. App. P. 4(a)(6)(A). As the Government points out, a party must file its motion to extend time within 14 days of receiving notice. Fed. R. App. P. 4(a)(6)(B). "The time limits prescribed in Rule 4(a) for filing a notice of appeal are jurisdictional." *Vahan v. Shalala*, 30 F.3d 102, 103 (9th Cir. 1994) (citing *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 315 (1988)).

Based on Appellant's testimony, this Court finds that the latest he could have received notice was November 19, 2015. Thus, he would have needed to file his appeal by December 3, 2015 for it to have been timely filed. Appellant, however, mailed his appeal on December 16, 2015. Certificate of

Service, Doc. 605. It was filed a few days later. Thus his motion was not timely and this Court does not have jurisdiction to reopen the time for appeal.

## CONCLUSION AND ORDER

For the reasons discussed above the Court DENIES Appellant's motion to reopen the time for his appeal.

IT IS SO ORDERED.

Dated: __April 14, 2016__           /s/ Lawrence J. O'Neill
                          UNITED STATES DISTRICT JUDGE