**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **1:11-cr-0026-LJO-SAB** |
| **Plaintiff,** | **CONDITIONAL RECOMMENDATION CONCERNING RRC PLACEMENT** |
| **v.** | |
| **JAYSON PETER COSTA,** | **(ECF No. 631)** |
| **Defendant.** | |

Before the Court for Decision is Defendant Jayson Peter Costa's motion requesting that the Court recommend to the Bureau of Prisons ("BOP") that Defendant be placed in a residential re-entry center ("RRC") for a period of up to twelve (12) months prior to the end of his sentenced. ECF No. 631. At the Court's request, the government filed a response, ECF No. 633, to which Defendant was permitted to reply. ECF No. 635.

On November 12, 2013, Defendant pled guilty to one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349, arising out of a complex mortgage fraud scheme involving multiple individuals. On March 34, 2014, Defendant was sentenced to 78 months incarceration and was ordered to pay restitution in the amount of $6,839,969.05. ECF No. 406. He is presently incarcerated in the

1

Federal Prison Camp at Leavenworth, Kansas. ECF No. 631. According to the BOP's online inmate locator, his current anticipated release date is December 19, 2018.[1]

"After a district court sentences a federal offender, the Attorney General, through the BOP . . ., has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a) ("a person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed")). Although "Section 3621(b) gives the Bureau of Prisons discretion to designate the facility" for a prisoner's sentence, the BOP is required to consider a number of factors "when it exercises [that] discretion." *Rodriguez v. Copenhaver*, 823 F.3d 1238, 1242 (9th Cir. 2016). Those factors include: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4<u>) any statement by the court that imposed the sentence</u>, either (a) concerning the purposes for which the sentence to imprisonment was determined to be warranted or (b) <u>recommending a type of penal or correctional facility as appropriate</u>; and (5) any pertinent policy statement issued by the Sentencing Commission. 18 U.S.C. § 3621(b) (emphasis supplied). A court has discretion to make recommendations regarding RRC placement post-sentencing, *see*, *e.g.*, *United States v. Brattin*, No. 2:13-CR-00161 JAD CWH1, 2016 WL 4467897, at *1 (D. Nev. Aug. 23, 2016) (granting request where Defendant demonstrated placement in RRC, if practicable, would ease defendants transition back into society and where defendant had no prison disciplinary history); *United States v. Medina*, No. CR 13-112-BLG-SPW, 2017 WL 5505795, at *1 (D. Mont. Nov. 16, 2017) (declining to make such a recommendation even though defendant might benefit from RRC because BOP had most up to date information and defendant had "a long history of violating conditions of release"), although any such judicial recommendation is non-binding. *See* 18 U.S.C. § 3621(b)(5) ("Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment

---

[1] *See* BOP, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited March 21, 2018).

in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person".).

18 U.S.C. § 3624(c) sets forth the parameters governing BOP placement in a community correctional facility or in home confinement.

> (c) Prerelease Custody.—
>
> > (1) In general.—The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
> >
> > (2) Home confinement authority.—The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

18 U.S.C. § 3624(c). Prisoners, therefore, are eligible for a maximum of twelve months in a facility such as a halfway house and no more than six months in home confinement.

Defendant has presented evidence to the Court in the form of his "Summary Reentry Plan – Progress Report," dated March 14, 2018, indicating that he has engaged in substantial efforts to educate and better himself during his period of incarceration and that he has no discipline on record within the past six months. *See* ECF No. 635 at 2-4.[2] The Court hereby incorporates by reference that March 14, 2018 Report. Critically, the Court finds RRC placement should be considered seriously in this case because of the amount of restitution remaining unpaid. Defendant has thus far been able to pay down

---

[2] The government's contention that Defendant's request should be denied simply because he has not demonstrated that BOP has denied his request for placement in an RRC is without merit. While exhaustion is required in connection with certain BOP decisions, *e.g.*, for calculations of good time credits and other matters, including ones cognizable in habeas corpus, *see United States v. Frosch*, 496 F. Supp. 2d 1018, 1020 (S.D. Iowa 2007); *Reid v. Shartle*, No. CV-15-00083-TUC-BPV, 2017 WL 3582309, at *3 (D. Ariz. Aug. 18, 2017), here Defendant is simply seeking a judicial recommendation so that BOP may consider that recommendation in making its determination regarding placement. To require exhaustion before making such a request would be, in effect, putting the cart before the horse by requiring BOP to make a preliminary decision on placement without the full benefit of all relevant information. This Court declines to follow the one case to the contrary cited by the government, *United States v. Squire*, No. CR 3:09-502-JFA, 2012 WL 3848364, at *1 (D.S.C. Sept. 5, 2012). *Squire* provides no reasoning whatsoever.

only a tiny fraction of the restitution owed. The faster he is re-integrated into the community, the faster he can begin to make the victims whole. This recommendation is conditional, however, on Defendant having and maintaining a clean disciplinary record.

IT IS SO ORDERED.

Dated: __**March 22, 2018**__             __/s/ Lawrence J. O'Neill__
                                                                                    UNITED STATES CHIEF DISTRICT JUDGE